The plaintiff insurance company carried a policy of insurance covering property damage on an automobile owned by Robert Donald Hancock, and in a collision of this car with a truck and trailer owned by the Louis Levy Grocer Company a short distance north of the business section of Denham Springs, the car was damaged and the plaintiff company paid the sum of $650 to cover the damage under its policy. The company secured a subrogation from Hancock, and brought this suit against the Louis Levy Grocer Company, Ltd., and its public liability insurance carrier, Employers Liability Assurance Corporation, Ltd., to recover the amount it paid, alleging that the damage to the Hancock car was caused by the negligence of the driver of the Grocer Company truck and trailer.
There are two principal issues in the case, viz., first, was the driver of the truck and trailer guilty of negligence which caused or contributed to the accident; and, second, if he was guilty of negligence, was Hancock guilty of such contributory negligence as to bar recovery by this plaintiff, his subrogee?
The trial judge found for the defendants and dismissed plaintiff's suit, and it has appealed. *Page 119 
The plaintiff contends that Hancock was driving north on the black top road from Denham Springs to Watson at a moderate rate of speed, and when he reached a point near the store of J.N. Vincent on the west side of the road, a truck with a trailer attached and belonging to the said Grocer Company was being backed up to the store of Vincent for the purpose of delivering some freight to this store; that the driver of the truck backed or maneuvered it across the highway and into the east traffic lane, thus blocking the traffic lane which Hancock was traveling, and causing his car to collide with the truck. The defendants denied any negligence on the part of the truck driver, and alleged that the accident was caused solely by the negligence of Hancock in driving at an excessive rate of speed; not keeping a proper lookout; not driving on the right-hand side of the road; not applying his brakes and avoiding the truck, and driving his car while in an intoxicated condition.
It is not denied that the truck driver was backing the trailer to the store for the purpose of unloading freight, and the driver of the truck also admits that the right front part of his truck was slightly over the center line. The principal disputed points relate to the extent of the projection of the truck over into the east traffic lane as Hancock approached; whether or not the truck was moving just before Hancock's car struck the right front part of it; the speed at which Hancock was driving and the lookout he was keeping.
Hancock testified that he was driving 35 or 40 miles per hour as he approached the scene of the accident, driving on his side of the road, and as he approached the truck in front of the store, the truck began moving back and the driver cut the cab sideways so as to back the trailer up to the store; that the cab part of the truck came over on his side of the road, and he could not avoid striking the truck. He says that his car was only 25 to 30 feet from the truck when the truck went over the black line on his side of the road, and he did not have time to stop, nor could he pull to the right and avoid the truck because of a culvert and ditch on the east side of the road. The left front part of his car struck the truck, and the left front wheel was knocked out causing the car to get out of control, running into a tree on the left side of the road. He says that the truck was about two feet over the black line when he struck it.
A young man in the car with Hancock partly corroborated his testimony, but there is some variance in their account of the accident. This witness was seriously injured and was somewhat confused in parts of his testimony. He thought the cab of the truck was facing south while in a previous statement he had correctly stated that the truck was facing in a northerly direction and the trailer was being backed toward the store. He says that the driver of the truck had his right hand on the steering wheel and was looking back to his left to see where the trailer was going, and when Hancock was within a few feet of the truck, the driver steered the truck to the left in the process of backing and the cab came over into Hancock's lane of traffic and the Hancock car struck the left side of the truck, causing the left front tire of Hancock's car to blow out. The Hancock car swerved to the left and ran into a tree on the left side of the road.
The sheriff of Livingston Parish reached the scene of the accident soon after it happened. He says the driver of the truck stated to him that he was backing the trailer up to the store and his truck was from 10 to 14 inches over the center line; that he did not see the Hancock car. The witness said the Hancock car was jammed into a tree on the left-hand side of the road about 50 feet from where the collision occurred.
The driver of the truck testified that his truck was on the left side of the road headed north when he started backing up; that another man was standing to his left directing him in backing, and the driver was looking back to his left to see where the trailer was going. He did not see the Hancock car coming from the south. He says that his truck was stopped as he was preparing to pull up and back the trailer into the store when the Hancock car struck the right side of his truck. He admits that the right front wheel of his truck was four or five inches over the center line at the time of the collision.
[1] The truck driver was guilty of negligence in backing up the truck and getting part of it over on the east traffic lane without looking to see whether or not any cars were coming from the south. He admits that he was not looking and admits that he got over into the traffic lane of the approaching *Page 120 
car. His companion was standing on the ground on the left of the truck and trailer flagging and directing the driver in backing and neither of them seemed to give much attention to approaching traffic from the south. It is admitted that the accident happened when it was getting dark, and this fact required the operators of the truck to take greater precautions in maneuvering the truck and trailer on the highway than would have been necessary in broad open daylight.
The evidence does not show that Hancock was under the influence of intoxicating liquor as charged in the answer as part of the plea of contributory negligence.
[2] Hancock was guilty of negligence in approaching this truck and trailer at too rapid a speed under the circumstances then existing. He could or should have seen this large truck and trailer making these backing operations, and should have taken precautions to meet the situation. Regardless of the legal rate of speed at the point of the accident, his speed was too fast under the circumstances. He and his companion admit that he was going 35 or 40 miles per hour, and from the fact that his car went 50 to 100 feet after striking the truck and crashed into a tree with such force as to demolish the front of the car, indicates that he was going faster than he claims.
The evidence indicates that the right side of the truck came over into the traffic lane of the Hancock car a distance of one or two feet, but conceding that it came over as much as two feet, there is no reason why Hancock could not have pulled his car to the right and missed the truck had he been going at a proper speed and had been keeping a proper lookout on the movements of this large truck. There was a space of some 9 to 12 feet for him to pass on the right of the truck. Whether the truck was moving or standing as he approached, its position and size was such as to require him to take the necessary precautions to meet the situation.
Hancock does not know how far he was from the truck when he first saw it but estimates the distance all the way from 50 feet to 50 yards. He says the truck was not moving when he first saw it, but claims that it began to back up when he was 25 to 30 feet from it. The driver of the truck says that the truck was not moving when it was struck by the car. Conceding that the truck was moving, it was moving very slowly, and if Hancock had been keeping a proper lookout and had been going at a proper rate of speed, he could have avoided the truck. While he did have a right to assume that the truck would not get over on his side of the road without giving some signal, yet he could not close his eyes to an imminent situation and drive headlong in his lane of traffic. He admits that he did not apply his brakes, stating that he figured he could make it around the truck.
Finding no error in the judgment appealed from the same is hereby affirmed at the cost of plaintiff in both courts.